Filed 4/21/21  P. v. Martinez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ISAAC ANGEL MARTINEZ,<br><br>    Defendant and Appellant. | G058876<br><br>(Super. Ct. No. 12CF3455)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Barbara A. Smith for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal centers on the trial court's obligations when it receives a recommendation to recall a defendant's sentence from the Secretary of the California Department of Corrections and Rehabilitation (Secretary). Appellant contends such recommendations automatically trigger the right to a hearing and the appointment of counsel. However, we join *People v. Frazier* (2020) 55 Cal.App.5th 858 (*Frazier*) and *People v. McCallum* (2020) 55 Cal.App.5th 202 (*McCallum*) in concluding otherwise. We thus affirm the trial court's decision not to afford appellant those rights after receiving a recommendation for recall in this case.

PROCEDURAL BACKGROUND

In 2012, appellant was charged with special circumstances murder, unlawful firearms possession and street terrorism. The information also alleged multiple enhancements related to appellant's gang affiliation and criminal history, including seven prior strike allegations. Rather than risk spending the rest of his life in prison, appellant pleaded guilty to gang-related voluntary manslaughter and was sentenced to a 26-year term. That term included a five-year enhancement under Penal Code section 667, subdivision (a)(1) – commonly known as a "nickel prior" – based on the fact appellant had previously been convicted of a serious felony offense.[1]

In 2018, three years after appellant's guilty plea, the Legislature enacted Senate Bill No. 1393. That measure amended sections 667 and 1385 to allow trial courts to strike nickel priors in the interest of justice. (Stats. 2018, ch. 1013, §§ 1-2.)

In the wake of that amendment, the Secretary wrote a letter to the trial court vesting it with authority to reexamine appellant's sentence pursuant to section 1170, subdivision (d) (section 1170(d)). Given the trial court's newfound authority to strike

---

[1] All further statutory references are to the Penal Code.

2

nickel priors, the Secretary recommended that the court recall appellant's sentence and resentence him in accordance with section 1170(d).[2]

On December 17, 2019, the trial judge considered the Secretary's letter in chambers without counsel present. After reviewing the minutes of appellant's underlying case, the judge decided not to heed the Secretary's recommendation to recall appellant's sentence because it resulted from a plea agreement. Instead, the judge left the judgment intact and notified the parties of his decision not to reopen the case.

On January 24, 2020, defense counsel filed a motion to vacate the trial judge's decision to deny the Secretary's recommendations. Defense counsel argued that for purposes of recalling a sentence under section 1170(d), it is immaterial whether the defendant was convicted by plea or by trial. In addition, defense counsel contended the judge violated appellant's due process rights by considering the Secretary's letter in private, without a hearing and the appointment of counsel.

At the motion hearing, the trial judge conceded section 1170(d) allows recall and resentencing in cases that were adjudicated by way of a guilty plea. (See *infra*, fn. 2.) However, he was unmoved. Because appellant had a "horrible criminal record," he would not have been inclined in any event to take up the Secretary's recommendation to recall his case for resentencing.

---

[2] That provision states: "When a defendant . . . has been sentenced to be imprisoned in the state prison . . . and has been committed to the custody of the secretary . . ., the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary . . ., recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including . . . the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (§ 1170(d)(1).)

In denying appellant's motion to vacate, the judge also rejected appellant's due process argument. He said he simply did not believe the Secretary's letter required him to hold a hearing or appoint appellant counsel, since it was merely a recommendation from an administrative official made well past the time the judgment against appellant had already became final.

DISCUSSION

Appellant renews his claim the trial court denied him due process by denying the Secretary's recommendation for recall and resentencing without a hearing and without appointing him an attorney. However, recent decisional law supports the trial court's handling of the Secretary's recommendation. Indeed, the *Frazier* and *McCallum* cases make it clear due process is not implicated by the type of recommendation letter the Secretary issued in this case.

In *Frazier* and *McCallum*, the courts recognized that section 1170(d) empowers trial courts to recall a defendant's sentence for resentencing upon receipt of a recommendation from the Secretary. However, because the decision to recall is a discretionary one – section 1170(d)(1) says the trial court *may* recall a defendant's sentence under certain circumstances, not that it *must* do so – the trial court is not required to act on the recommendation. (*Frazier, supra*, 55 Cal.App.5th at p. 866; *McCallum, supra*, 55 Cal.App.5th at pp. 211-216.) In other words, while the Secretary's recommendation vests the trial court with authority to recall the defendant's sentence, the recommendation "is but an invitation to the court to exercise its equitable jurisdiction. [Citation.]" (*Frazier, supra*, 55 Cal.App.5th at p. 866.) The recommendation "does not trigger a due process right to a hearing [citation], let alone any right to the recommended relief." (*Ibid.*)

Nor does the Secretary's recommendation implicate the constitutional right to counsel. That right attaches "at every 'critical stage' of the criminal process up to and including sentencing and imposition of judgment. [Citation.]" (*Frazier, supra*, 55

4

Cal.App.5th at p. 864.)  But, as the *Frazier* court explained, it does "not apply to postjudgment collateral challenges [citations], including statutory petitions seeking a more ameliorative sentence [citations], at least prior to the actual recall of sentence. [Citation.]"  (*Id*. at pp. 865-866.)

Appellant's request in this case amounts to just such a challenge.  It seeks to have appellant's sentence reduced based on a change in the law that occurred after the judgment against him had already became final.  The letter itself does not trigger the right to a hearing or the appointment of counsel.  Those rights would surely kick in if the trial court exercised its discretion in favor of recalling appellant's sentence, i.e., if the trial court determined he was eligible for resentencing.  (*Frazier, supra*, 55 Cal.App.5th at p. 867; *McCallum, supra*, 55 Cal.App.5th at p. 215.)  However, they do not arise at the eligibility stage, where the trial court is merely deciding whether to recall the defendant's sentence in the first place.  (*Frazier, supra*, 55 Cal.App.5th at p. 867; *McCallum, supra*, 55 Cal.App.5th at p. 216.)  Accordingly, we conclude the trial court did not violate appellant's rights by summarily denying the Secretary's recommendation for recall and resentencing.

## DISPOSITION

The order denying appellant's motion to vacate is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

5